UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>    v. )<br>) CR-04-34-B-W<br>JOHN GOETCHIUS, )<br>)<br>    Defendant. ) | |

**PRESENTENCE ORDER**

The Defendant, John Goetchius, pleaded guilty on June 7, 2004 to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). This order addresses whether Mr. Goetchius's two prior convictions for indecent assault and battery are "related" under U.S.S.G. § 4A1.2(a)(2).[1] The resolution of this issue affects Mr. Goetchius's Guideline range of sentence in two ways: 1) if the two previous crimes of violence are unrelated, the base offense level under U.S.S.G. § 2K2.1(a)(2) would be 24, but if they are related, the base offense level would be 20 under U.S.S.G. § 2K2.1(a)(4); and, 2) if the convictions are unrelated, he receives 6 criminal history points, which places him in a criminal history category III, but if related, he receives 3 criminal history points, which places him in a criminal history category II. If the crimes are related, his guideline range is 27-33 months; if unrelated, the range is 46-57 months.[2] Because this Court concludes that the Commonwealth of Massachusetts functionally consolidated these two crimes, they must be considered "related" under U.S.S.G. § 4A1.2(a)(2).

---

[1] U.S.S.G 4A1.1(a) instructs that for each prior sentence exceeding one year and one month add 3 points. "Prior sentence" is defined as "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense." *Id.* § 4A1.2(a)(1). Prior sentences imposed in unrelated cases are to be counted separately, while prior sentences imposed in related cases are to be treated as one sentence. *Id.* § 4A1.2(a)(2).
[2] Both calculations assume Mr. Goetchius's net offense level has been reduced by three points for acceptance of responsibility under U.S.S.G. § 3E1.1(a), (b).

## I. BACKGROUND

The facts are not in dispute. Mr. Goetchius was charged and convicted on March 28, 1996 in the Commonwealth of Massachusetts of indecent assault and battery on a child under fourteen years of age, violations of Mass. Gen. Laws Ch. 265, § 13B. An Essex County Grand Jury returned two indictments against Mr. Goetchius on March 6, 1994. The indictments, although issued separately, contain precisely the same allegation: that "on or about a date between September 1, 1993 and January 28, 1994," Mr. Goetchius "did commit an indecent assault and battery on a child under fourteen years of age . . . ." The victim was the same in each indictment. The two indictments were given different docket numbers: 9477CR 878 and 9477CR 879. The entries on each docket sheet were identical in every respect, except the sentence. Mr. Goetchius was arraigned for each charge on the same day, the same Assistant District Attorney prosecuted each case, the cases were pending in the same court, Mr. Goetchius was represented by the same defense counsel, the same motions were filed and ruled on on the same days, and he pleaded guilty before the same judge in the same court on the same day. The sentences were different. Mr. Goetchius was sentenced on 9477CR 878 to two years incarceration in the House of Corrections with no probation; he was sentenced on 9477CR 879 to no incarceration and five years probation with special conditions.[3] There is no indication the two charges were ever formally consolidated.

## II. DISCUSSION

Application Note 3 to § 4A1.2 provides:

> Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second

---

[3] The docket entry for the March 28, 1996 sentencing on docket number 9477CR 878 is somewhat confusing. It reads: "PROBATION: Two Years (2) committed to House of Correction. Defendant has served Two Years (2)." It is unclear why the word, "PROBATION," appears at the beginning of the sentence.

> offense). Otherwise, prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing.

Mr. Goetchius asserts the sentences are related because they resulted from sentences that were "functionally consolidated" or "part of a single scheme or plan."[4] In support of that argument, Mr. Goetchius points out the indictments in both cases reference the same victim and the same period of time.

Apart from recognizing the consolidation rule may sometimes result in undercounting criminal history and require an upward departure, the Sentencing Commission has "provided no guidance on what it means by the term 'consolidated.'" *United States v. Caldwell,* 233 F. Supp. 2d 69, 71 (D. Me. 2002), *aff'd in part, remanded in part by* 358 F.3d 138 (1st Cir. 2004). This has left courts and commentators to struggle with the concept in the absence of "a coherent explanation and policy for the criminal history scoring procedure that might help give content to the term." *Id.*

In 2001, the United States Supreme Court shed some light on the concept in *Buford v. United States,* 532 U.S. 59 (2001). In *Buford,* the Supreme Court placed its imprimatur on the concept of "functional consolidation," which allows a sentencing court to consider two convictions consolidated, even in the absence of a formal order of consolidation, if the convictions were "factually or logically related, and sentencing was joint." *Id.* at 61 (citation omitted); *see also United States v. Vallejo*, 373 F.3d 855, 858 (7th Cir. 2004)("Functional consolidation occurs when there is 'a record that shows the sentencing court considered the cases sufficiently related for consolidation and effectively entered one sentence for multiple convictions.'"). There is little post-*Buford* guidance in the First Circuit. Judge Hornby of this

---

[4] The sentences on 9477CR 878 and 9477CR 879 were not separated by an intervening arrest.

District tackled the issue in *Caldwell*. However, the First Circuit has not addressed the concept squarely following *Buford*.[5] Before *Buford,* the First Circuit concluded in *United States v. Correa,* 114 F.3d 314 (1st Cir. 1997), *cert. denied*, 522 U.S. 927 (1997), that sentences imposed on the same day for criminal conduct that occurred on at least two different dates and arose out of at least two different courses of conduct would not be considered consolidated absent an "actual order of consolidation." *Id.* at 317.

Some Circuits have held that sentences are not functionally consolidated "when offenses proceed to sentencing under separate docket numbers, cases are not related, and there was no order of consolidation," *United States v. McAdams,* 25 F.3d 370, 374 (6th Cir. 1994), *cert. denied*, 513 U.S. 939 (1994)(citation and internal punctuation omitted); *see also United States v. Klein,* 13 F.3d 1182, 1185 (8th Cir. 1994), *cert. denied*, 512 U.S. 1226 (1994), or when judgment was pronounced on the same day with sentences to run concurrently, *United States v. Carter,* 283 F.3d 755, 758 (6th Cir. 2002), *cert. denied*, 537 U.S. 874 (2002). The burden is on the defendant to make a showing that cases were functionally consolidated. *Vallejo*, 373 F.3d at 858-89.

In *Shepard v. United States,* __ U.S. __, 125 S. Ct. 1254 (2005), the Supreme Court limited the scope of information a sentencing court may consider for purposes of determining whether a prior crime was a predicate felony for purposes of the Armed Career Criminal Act. It held that the district court may examine "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Id.* at 1257. The district court is not allowed to conduct a further investigation into the circumstances of the underlying crimes. The *Shepard* holding likely

---

[5] Judge Hornby's decision in *Caldwell* was appealed, but the First Circuit noted that under either calculation, the defendant ended up in the same criminal history category, and therefore, "any error in the district court's calculation . . . was harmless." *United States v. Crawford,* 358 F.3d 138, 143 (1st Cir. 2004).

4

applies with equal force to determinations of whether prior crimes were related, because to do otherwise would raise similar Sixth and Fourteenth Amendment concerns. *See id.* at 1262-63.

Here, the Government bases its argument on what the Presentence Report reveals Mr. Goetchius did in committing the indecent assault and battery crimes. But, under *Shepard,* this Court cannot take such information into account in evaluating Mr. Goetchius's criminal history. What this Court can consider is that Mr. Goetchius was charged in separate indictments handed down the same day for committing two violations of the same state criminal statute, that he was prosecuted by the same district attorney and represented by the same defense counsel in each case, that the docket entries, up to sentencing, are identical with exactly the same motions and orders filed in each case on the same days, that the cases were pending in the same court before the same judge, that the charges involve the same victim over the same time frame, that the sentences were handed down the same day, and that the sentences were "split," with Mr. Goetchius being sentenced to prison, but no probation on one, and probation, but no prison on the other. The only difference between the two cases was that they carried different (though sequential) docket numbers.[6]

---

[6]The Government has argued Mr. Goetchius should be accorded one additional point under U.S.S.G. § 4A1.1(f), which provides:

> Add **1** point for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under (a), (b), or (c) above because such sentence was considered related to another sentence resulting from a conviction of a crime of violence, up to a total of **3** points for this item. *Provided,* that this item does not apply where the sentences are considered related because the offenses occurred on the same occasion.

If § 4A1.1(f) applied, Mr. Goetchius's criminal history category would remain III. Determining whether prior crimes were committed on separate occasions is usually straightforward. *See United States v. Love,* 134 F.3d 595, 608 (4th Cir. 1998), *cert. denied*, 524 U.S. 932 (1998). However, here, the indictments only allege that Mr. Goetchius committed two crimes over the same time span. It can be argued the two indictments must be read as establishing that Mr. Goetchius committed these crimes on different days, but there is no further clarification about when these two crimes actually took place in the documents permissibly reviewed under *Shepard*. Restrained by *Shepard,* this Court cannot make a finding that the crimes took place on different days anymore than it could find that the crimes took place on the same day. All that can be said is that Mr. Goetchius committed two crimes

5

In these circumstances, the two indecent assault and battery upon a minor cases were "functionally consolidated" under *Buford*. The Commonwealth of Massachusetts treated the cases as "factually or logically related, and sentencing was joint." *Buford,* 532 U.S. at 61. This Court will sentence Mr. Goetchius accordingly.

          /s/ John A. Woodcock, Jr.
          JOHN A. WOODCOCK, JR.
          UNITED STATES DISTRICT JUDGE

Dated this 25th day of April, 2005

---

between September 1, 1993 and January 28, 1994. This is insufficient to trigger the additional point under § 4A1.1(f).